UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
DUANE SMITH, as Administrator of the
Estate of BARBARA SHELTON, deceased,
and DUANE SMITH,

                           Plaintiff,        **MEMORANDUM AND ORDER**

 - against -                        2:20-cv-4125 (DRH) (AKT)

HOME DEPOT U.S.A., INC.,

                           Defendant.
--------------------------------------------------------------X

**APPEARANCES**

**THE YOUKILIS LAW GROUP, P.C.**
Attorneys for Plaintiff
65 Hilton Avenue
Garden City, NY 11530
By:   Paul B. Youkilis, Esq.

**MINCHELLA & ASSOCIATES, L.L.C.**
Attorneys for Defendant
984 Southford Road, Suite 14
Middlebury, CT 06762
By:   Anthony R. Minchella, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Duane Smith, individually and as Administrator of the Estate of

Barbara Shelton, brings this action against Defendant Home Depot U.S.A., Inc.,

alleging eight state law causes of action: (1) breach of contract, (2) negligence,

(3) breach of the covenant of good faith and fair dealing, (4) breach of express

warranty, (5) breach of implied warranty of merchantability, (6) breach of implied

warranty of fitness for a particular purpose, (7) unjust enrichment, and (8) fraud.

This matter concerns Defendant's installation of a generator at Shelton's home, which caused asbestos to circulate throughout.  Presently before the Court is Defendant's motion to dismiss the second, third, and eighth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated below, Defendant's motion is granted in part and denied in part.  The third and eighth causes of action are dismissed but the second survives.

## BACKGROUND

The following facts from the Complaint are taken as true for the purposes of this motion.

On July 29, 2015, Shelton entered into an agreement with Defendant Home Depot U.S.A., Inc. for the purchase and installation of a 17-kilowatt generator at her Hempstead, New York home, which Smith also occupied.  (Compl. ¶¶ 5–6).  One year later, in July 2016, installation commenced – not for the item Shelton purchased but instead for an alleged 16-kilowatt generator that never worked.  (*Id.* ¶¶ 11–12).  During the process, Defendant allegedly disturbed asbestos in the basement and, by failing to repair a hole it cut in the side of the home, enabled the asbestos to infiltrate the entire house.  (*Id.* ¶¶ 13–14, 23).

Defendant never brought "the generator into full working order," neither upon installation nor upon Smith's repeated requests thereafter.  (*Id.* ¶¶ 31–32). Defendant also failed to notify Shelton and Smith of the asbestos issue and, as a result, exposed them to asbestos for at least a year.  (*Id.* ¶¶ 21, 24).  Smith alleges the asbestos caused him to suffer "rheumatoid arthritis, osteopenia, decreased lung

function, shortness of breath, and vascular issues" – conditions he will live with for the rest of his life. (*Id.* ¶¶ 30, 33). There is no allegation that Shelton suffered from conditions related to asbestos exposure.

Shelton passed away in January 2017. (*Id.* ¶ 17). Smith administers Shelton's estate. (*Id.* ¶¶ 17, 29).

In July 2017, non-party Alpha Environmental confirmed the presence of "asbestos containing materials" in the home. (*Id.* ¶ 22). Defendant then performed "multiple inspections" of the home and ultimately "acknowledg[ed] that [it was] responsible for the disturbance and circulation of asbestos." (*Id.* ¶¶ 25, 31). Defendant, however, has refused to remediate or pay for the asbestos issue, (*id.*), forcing Smith "to hire contractors to perform a full abatement" at his own expense, (*id.* ¶ 26). The abatement, completed in late October 2017, cost Smith $40,000.00. (*Id.* ¶¶ 27–28).

Plaintiff[1] brought suit in New York State Supreme Court, Nassau County, on July 6, 2020. (Notice of Removal ¶ 1 [DE 1]). Defendant removed the action to this Court on September 3, 2020, (*id.*), and moved to dismiss on October 30, 2020, [DE 29].

## LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-

---

[1] The term "Plaintiff" refers to Smith both in his individual capacity and his capacity as Administrator of Shelton's estate.

pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at

556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

## DISCUSSION

The Court has subject-matter jurisdiction pursuant to the parties' diversity of citizenship, which requires the Court to apply the law of the forum state—New York—to determine which substantive state law governs Plaintiff's claims. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The parties brief the merits under New York law. *E.g.*, Def. Mem. at 5 [DE 29-1]; Pl. Opp. at 7 [DE 29-2]. Because they "assume that New York law controls," their "implied consent is sufficient to establish choice of law." *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (ellipses and internal quotations removed) (quoting *Tehran–Berkeley Civ. & Env't Eng'rs v. Tippetts–Abbett–McCarthy–Stratton*, 888 F.2d 239, 242 (2d Cir. 1989)). Accordingly, the Court applies New York state law to the claims.

The Court addresses the causes of action targeted in Defendant's motion in the following order: (I) negligence; (II) breach of the covenant of good faith and fair dealing; and (III) fraud.

## I.   **Negligence**

Defendant contends the negligence claim "merely duplicates" the breach of contract claim—both concerning the "purchase and installation of the generator"—and fails to implicate a legal duty independent of the contract itself. Def. Mem. at 3.

Plaintiff locates the independent legal duty implicated by Defendant's negligence in the "botched" generator installation as well as Defendant's failure to disclose or to remedy the asbestos spread throughout Plaintiff's home.  Pl. Opp. at 4–5.

"To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages." *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d 565, 576, 958 N.E.2d 77 (N.Y. 2011); *see McCarthy v. Olin Corp.*, 119 F.3d 148, 156 (2d Cir. 1997) (citing *Becker v. Schwartz*, 46 N.Y.2d 401, 386 N.E.2d 807 (N.Y. 1978)).  "It is a well-established principle" under New York law "that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 389, 516 N.E.2d 190 (N.Y. 1987).  "Put another way, where the damages alleged 'were clearly within the contemplation of the written agreement . . . [m]erely charging a breach of a 'duty of due care,' employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim.'" *Dormitory Auth. v. Samson Constr. Co.*, 30 N.Y.3d 704, 711, 94 N.E.3d 456 (N.Y. 2018) (alteration in original) (quoting *Clark-Fitzpatrick, Inc.*, 70 N.Y.2d at 389).  The Second Circuit has explained the distinction as follows:

> if a plaintiff has not suffered personal injury or property damage but is seeking merely the replacement cost of a product or enforcement of the bargain, it should proceed only on a contract theory.  But if the plaintiff has suffered personal injury or property damage, particularly if the loss results from an 'abrupt, cataclysmic occurrence,' then a tort claim may be viable.

*U.S. for Use & Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 162 (2d Cir. 1996) (internal quotation marks omitted) (quoting *Ins. Co. of N.A. v. Historic Cohoes II*, 879 F. Supp. 222, 227 (N.D.N.Y. 1995) (citing *Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 550–51, 593 N.E.2d 1365 (N.Y. 1992))).   Personal injury, unlike "solely economic" injury, implicates "policy considerations [that] support a finding of a legal duty extraneous to the contract." *TD Waterhouse Inv. Servs., Inc. v. Integrated Fund Servs., Inc.*, 2003 WL 42013, at *12 (S.D.N.Y. Jan. 6, 2003).

In this light, Plaintiff's negligence claim is not duplicative of the breach of contract claim.   The reasonable inferences drawn from the Complaint suggest that the contract for the purchase and installation of a generator did not contemplate non-economic personal injury damages – especially those from which Plaintiff allegedly suffers: "rheumatoid arthritis, osteopenia, decreased lung function, shortness of breath and vascular issues."   Compl. ¶¶ 5, 10, 51.   Plaintiff's tort damages are distinct from his efforts to obtain the benefit of the contractual bargain. *See Sommer*, 79 N.Y.2d at 552 ("[W]here plaintiff is essentially seeking enforcement of the bargain, the action should proceed under a contract theory").   One need only compare the prayers for relief to see the two separate ends the contract claim and the tort claim seek to achieve.   *Compare* Compl. ¶ 42 (contract damages relating to costs to replace or repair the generator), *with id.* ¶ 51 (tort damages relating to Plaintiff's "debilitating health issues").

The Complaint likewise differentiates between Defendant's legal duty under contract and independent legal duty of due care.  The contract imposed a duty concerning "promises made" and "the manifested intention of the parties": here, a duty to provide and install a functional generator.  Compl. ¶¶ 39–42.  Due care, by contrast, imposes the obligation under tort law "to avoid causing injury to others." *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 316, 662 N.E.2d 763 (N.Y. 1995). Here, that duty manifests as an obligation "to advise" Plaintiff of and "to remediate" the disturbance and circulation of asbestos, a condition Defendant itself "created" and "acknowledg[ed]."  Compl. ¶¶ 21, 23, 25, 50–52; *see New York Univ.*, 87 N.Y.2d at 316. The tort duties animating Plaintiff's negligence claim "spring from circumstances extraneous to," albeit "connected with," Defendant's contractual performance.  *Clark-Fitzpatrick, Inc.*, 70 N.Y.2d at 389.

The negligence claim is therefore not duplicative of the contract claim.

## II.  Breach of Covenant of Good Faith and Fair Dealing

Defendant likewise moves to dismiss Plaintiff's breach of the implied covenant of good faith and fair dealing as duplicative of his breach of contract claim because "New York law does 'not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when it arises from the same allegations as a breach of contract claim.'"  Def. Mem. at 5 (quoting *Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 652 (E.D.N.Y. 2012)).  Plaintiff argues the cause of action is proper due to "the public interest" in "protect[ing] others who may fall victim to [a similar] unnecessary and reprehensible travesty."  Pl. Opp. at 7.

The covenant of good faith and fair dealing inheres in every contract governed by New York law and "encompasses any promises that a reasonable promisee would understand to be included." *New York Univ.*, 87 N.Y.2d at 318. This implied covenant "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389, 663 N.E.2d 289 (N.Y. 1995) (internal citations omitted). "Where a good faith claim arises from the same facts and seeks the same damages as a breach of contract claim, it should be dismissed" as duplicative. *Mill Fin., LLC v. Gillett*, 122 A.D.3d 98, 104, 992 N.Y.S.2d 20 (N.Y. App. Div., 1st Dep't 2014); *see Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."). "It is enough" that the two causes of action "arise from the same operative facts"; "the conduct alleged . . . need not be identical in every respect." *Mill Fin., LLC*, 122 A.D.3d at 104–05. But if a defendant "engaged in *additional* conduct to realize gains from the plaintiff, while depriving the plaintiff of the benefits of the parties' agreement," the two causes of action may coexist alongside one another. *A.D.E. Sys., Inc. v. Quietside Corp.*, 188 A.D.3d 762, 764, 136 N.Y.S.3d 95 (N.Y. App. Div., 2d Dep't 2020) (emphasis added).

Plaintiff's breach of implied covenant of good faith and fair dealing allegations fail to mention any "additional" conduct giving rise to the claim. *See* Compl. ¶¶ 54–56. The claim is expressly premised on the "above-described conduct" – *i.e.*, the

manner in which Defendant provided and installed the generator – which is the very same conduct allegedly breaching the contract. *Id.* No new or different allegations elaborate upon the basis for the implied covenant claim. Plaintiff also prays for the same damages, in identically-worded paragraphs, with respect to these claims. *See id.* ¶¶ 44, 56; *id.* Wherefore Clauses ¶¶ A, B. The Court has no basis to distinguish the facts implicated by nor the damages arising from the breach of implied covenant claim and breach of contract claim. The former, being duplicative of the latter, is therefore dismissed.

## III.   Fraud

Defendant lodges three arguments against Plaintiff's fraud cause of action: the allegations lack the particularity demanded by Federal Rule of Civil Procedure 9(b), the alleged fraud stems from non-actionable "unfulfilled promises to do particular things in the future," and (consistent with the rest of the motion) it is duplicative of the breach of contract claim. Def. Mem. at 5–9.

The Complaint grounds fraud in Defendant's misrepresentations made "to induce [Shelton] to enter into [the] contract" and omissions related to the "failure to notify" Smith and Shelton of the asbestos disturbance. Compl. ¶¶ 88–98. Plaintiff's opposition memorandum, however, contends Defendant defrauded him by installing the incorrect generator and by misrepresenting the installers as "professionals . . . capable of properly installing" the generator. Pl. Opp. at 8–9. The Court assumes *arguendo* that the two theories are fraud are linked: namely, Plaintiff entered the contract in reliance upon Defendant's misrepresented "capabilities and professionalism," the truth of which came to light when Defendant sent "incompetent

installers" to her home, despite Defendant's "aware[ness] of the[ir] ineptitude," who proceeded to "botch[]" the generator installation and fail to notify Plaintiff of the resultant asbestos disturbance.  Even with this generous formulation, the fraud allegations are deficient.

"[T]he basic elements of fraud" under New York law are: "[1] a representation of material fact, [2] the falsity of that representation, [3] knowledge by the party who made the representation that it was false when made, [4] justifiable reliance by the plaintiff, and [5] resulting injury." *Centro Empresarial Cmpresa S.A. v. Am. Movil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276, 952 N.E.2d 995 (N.Y. 2011) (internal quotation marks omitted).  A New York common law fraud claim must also "satisfy the requirements of the heightened pleading standard under Federal Rule of Civil Procedure 9(b)." *Matana v. Merkin*, 957 F. Supp. 2d 473, 484 (S.D.N.Y. 2013) (citing *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004)).  Rule 9(b) requires Plaintiff to "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd.*, 375 F.3d at 187.

The Complaint lacks this requisite particularity.  No allegations in the Complaint concern *any* representation made to induce entry into the contract; all of the facts alleged therein post-date Plaintiff's entry into the contract. *Id.* ¶ 5. The Complaint does not reveal how Defendant conveyed the professionalism or

competence upon which Shelton relied.   Simply alleging Defendant "made an affirmation of fact and/or promise to [Shelton] about the quality of the relevant equipment that it sold and supplied" is too conclusory to pass muster.  Compl. ¶ 59. To say the least, then, no allegations address the "who," "where," and "when" concerning these supposed representations.  The absence of such allegations is fatal. *E.g.*, *Wilson v. Neighborhood Restore Dev.*, 2020 WL 9816020, at *4 (E.D.N.Y. Sept. 28, 2020); *Power Up Lending Grp., Ltd. v. Murphy*, 2017 WL 1497974, at *2–5 (E.D.N.Y. Apr. 26, 2017); *cf. Orange Orchestra Props. LLC v. Gentry Unlimited, Inc.*, 191 A.D.3d 609, 139 N.Y.S.3d 528 (N.Y. App. Div., 1st Dep't 2021) (lack of particularity deficient under New York state law pleading standards as well).

Plaintiff attempts to evade the Rule 9(b) heightened pleading standard by insisting, "[i]n order to provide further details of the alleged fraud, Plaintiff would need extensive discovery."  Pl. Opp. at 10.  But "[b]e that as it may, '[d]iscovery is not a substitute for compliance with Rule 9(b).'"  *Riker v. Premier Cap., LLC*, 2016 WL 5334980, at *6 (S.D.N.Y. Sept. 22, 2016) (quoting *Arnold Chevrolet LLC v. Tribune Co.*, 2007 WL 2743490, at *5 (E.D.N.Y. Sept. 17, 2007)).  A case warrants discovery o*nly if* the complaint satisfies the relevant pleading standards.  *See id.*  "To allow discovery to substitute for compliance with Rule 9(b) is to put the cart before the horse."  *Id.*

To the extent Plaintiff silently avails himself of Rule 9(b)'s exception where "the details of the fraud are likely only within Defendant['s] knowledge," his effort falls short.  *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 517–18 (S.D.N.Y. 2016).

"[I]n those circumstances, the plaintiff still bears the burden of alleging facts upon which her or his belief is founded." *Id.* (quoting *Allied Irish Banks, P.L.C. v. Bank of America, N.A*, 2006 WL 278138, at *6 (S.D.N.Y. Feb. 2, 2006)). Plaintiff anchors his belief on speculation: "[A]fter the botched installation, Plaintiff[] [is] certain that there was a significant misrepresentation of Defendant's capabilities and professionalism, as Defendant was patently unable to properly install the product without significant and uncontainable destruction and/or damage to both the home and to Plaintiff['s] health." Pl. Opp. at 9. This conjecture lacks a factual basis sufficient to unlock the doors to discovery on the claim.

Accordingly, Plaintiff's fraud cause of action is dismissed.

## CONCLUSION

For the reasons discussed above, Defendant's motion is granted in part and denied. It is granted with respect to Plaintiff's breach of implied covenant of good faith and fair dealing and fraud causes of action, each of which are dismissed. It is denied with respect to Plaintiff's negligence cause of action, which survives.

**SO ORDERED.**

Dated: Central Islip, New York
      October 21, 2021

s/ Denis R. Hurley
Denis R. Hurley
United States District Judge