**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DUANE SMITH, *as Administrator of the Estate of*
*Barbara Shelton, deceased*, and DUANE SMITH

                      Plaintiffs,

   v.

HOME DEPOT U.S.A., INC.

                      Defendant.
------------------------------------------------------------------X
HOME DEPOT U.S.A., INC.

                      Third-Party Plaintiff,

   v.

ROOF DIAGNOSTICS SOLAR & ELECTRIC LLC and
NRG HOME SERVICES, LLC

                      Third-Party Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

2:20-cv-4125 (JMA) (LGD)

**LEE G. DUNST,** Magistrate Judge:

      Presently before the Court is Plaintiffs' former counsel Paul B. Youkilis's Motion for Attorney Fees and for Determination of Amount of Charging Lien. *See* Electronic Case File Number ("ECF No.") 103 ("Motion"). Following a settlement of $65,000.00 among the parties and the withdrawal of Mr. Youkilis as counsel for Plaintiffs, in part because of Plaintiff Duane Smith's desire to withdraw from the settlement agreement, Mr. Youkilis seeks an order to enforce a charging lien and collect $22,046.35 (representing one-third of the confirmed settlement amount plus costs). On March 19, 2024, District Judge Joan M. Azrack referred the Motion to the undersigned for a Report and Recommendation. *See* March 19, 2024 Order.

For the reasons set forth below, the undersigned respectfully recommends that the Court grant the Motion and award Mr. Youkilis $21,666.67 in fees, but not for any costs.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2019, Duane Smith (as administrator of the estate of Barbara Shelton and as himself, together "Plaintiffs") retained Mr. Youkilis to "prosecute and/or adjust a claim for damages arising from personal injuries which accrued on June 23, 2017, through the negligence of certain person(s)." ECF No. 103-6 at 1 ("Retainer Agreement"). The Retainer Agreement states that Mr. Youkilis (and his firm, The Youkilis Law Group, P.C., the "Firm") would represent Plaintiffs on a contingency basis for "[t]hirty-three and one-third (33⅓) percent of the sum recovered, whether recovered by judgment, settlement or otherwise." *Id.*

On July 6, 2020, Plaintiffs filed a complaint in New York state court asserting multiple causes of action under New York law for damages arising out of the alleged disturbance of asbestos during the installation of a generator purchased from and installed by Defendant Home Depot U.S.A., Inc. ("Home Depot") at Ms. Barabara Shelton's home in July 2016. *See generally* ECF No. 1. On September 3, 2020, the case was removed to federal court and Home Depot brought a Third-Party Complaint against Roof Diagnostics Solar & Electric LLC ("Roof Diagnostics") and NRG Home Services, LLC ("NRG") for, among other things, indemnification and contribution. *See* ECF No. 10.

On November 28, 2022, the parties reached a tentative settlement agreement in a settlement conference with the undersigned. *See* ECF No. 56. The parties agreed to the financial terms of the settlement, subject to finalizing the agreement to the satisfaction of all the parties. *See id.* Plaintiffs, however, ultimately decided to withdraw from the settlement and never signed the agreement. *See* ECF No. 63; ECF No. 93 at 7.

2

On January 31, 2023, Mr. Youkilis filed a motion to withdraw as counsel for Plaintiffs. *See* ECF No. 60. Mr. Youkilis described a "permanent and irreparable breakdown in the attorney-client relationship" following the settlement conference. *Id.* at 2. In his motion to withdraw, Mr. Youkilis also asserted a charging lien under New York Judiciary Law § 475 on any recovery obtained by Plaintiffs. *See id.* at 3. On March 31, 2023, the undersigned granted Mr. Youkilis's motion to withdraw, but deferred ruling on the request for a charging lien until "the amount to be recovered by Plaintiff, if any, has been finally determined." ECF No. 66 (internal citations omitted).

On February 23, 2024, following a hearing on January 10, 2024, Defendants Roof Diagnostics and NRG (joined by Home Depot) filed a motion to enforce the settlement agreement. *See* ECF No. 90. On March 19, 2024, Judge Azrack granted the motion to the enforce the settlement agreement. *See* ECF No. 93. In her opinion, Judge Azrack concluded that

> [the undersigned] rightfully deferred adjudicating Mr. Youkilis's request for a charging lien until Plaintiffs' recovery in this matter is determined. (ECF No. 66.) Now that Plaintiffs will recover $65,000 to settle this case, Mr. Youkilis's request for a charging lien is ripe for adjudication and is respectfully referred to [the undersigned] for a report and recommendation. After [the undersigned] adjudicates the amount, if any, of Mr. Youkilis's charging lien, the Court will enter an order to effectuate the settlement and govern distribution of those proceeds.

*Id.* at 20-21.

On May 10, 2024, pursuant to the undersigned's request, Mr. Youkilis resubmitted his motion for a charging lien. *See* ECF No. 103. The new motion provided the Court with documentation in support of Mr. Youkilis's request. *See id.* Mr. Youkilis seeks one-third of the settlement amount, in the amount of $21,666.66, and $379.69 for costs and fees, totaling $22,046.35, to be paid directly by Defendants. *See id.* On July 16, 2024, Plaintiffs submitted their response, arguing that Mr. Youkilis did not comply with the undersigned's March 31, 2023

3

Order that Mr. Youkilis file a letter by April 14, 2023 "confirming that he provided the case file and a list of outstanding costs, expenses, and fees to Plaintiff." *See* ECF No. 109. Mr. Smith also claims that he was not provided certain information and documents pertaining to his case. *See id.* at 2. Stating the opposition to the full amount of the requested charging lien, Plaintiffs are willing to accommodate the $379.69 amount asserted by Mr. Youkilis for costs. *See id.*

## II.   LEGAL STANDARD

### A.   Entitlement to a Charging Lien

"Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010); *see also* N.Y. Judiciary Law § 475. Essentially, a charging lien is a "security interest in the favorable result of litigation" which creates the attorney's interest in the client's cause of action. *Yu v. Kotobuki Rest., Inc.*, 2024 WL 1259427, at *2 (E.D.N.Y March 25, 2024). The lien "attaches to a verdict, . . . settlement, judgment or final order in his or her client's favor" and may be determined and enforced by a court "upon the petition of the client or attorney." *See* N.Y. Judiciary Law § 475. Such liens are enforceable in federal courts. *Yu*, 2024 WL 1259427, at *2 ("Charging liens are governed by state law, and [t]he Second Circuit has made clear that Section 475 governs attorneys' charging liens in federal courts sitting in New York, and such liens are enforceable in federal courts in accordance with its interpretation by New York courts.") (internal quotations and citations omitted).

A charging lien is only available to an "attorney of record" such that the attorney's activity in the action "creates or is the source of funds against which the lien is asserted." *Galvez v. Aspen*, 967 F. Supp. 2d 615, 624 (E.D.N.Y. 2013). To constitute an attorney of record, the

4

attorney must participate in "a legal proceeding on the client's behalf or by having his [or her] name affixed to the pleadings, motions, records, briefs, or other papers submitted in the matter." *Id.* at 625. "Further, attorneys who terminate their representation are still entitled to enforce their charging liens, as long as the attorney does not withdraw without 'good cause' and is not discharged for 'good cause.'" *Stair*, 722 F. Supp. 2d at 267.

### B. Charging Lien Amount

Ordinarily, "[t]he theory of *quantum meruit*, rather than the retainer agreement, is the basis for determining the amount at which to fix the charging lien." *Minott v. Google LLC*, No. 24-CV-1674, 2024 WL 3518525, at *4 (S.D.N.Y. July 24, 2024) (internal citation omitted). However, "if the attorney had already completed services, then compensation is determined according to the attorney-client contract." *See Villar v. City of New York*, 546 F. Supp. 3d 280, 295 (S.D.N.Y. 2021); *see also Khudai v. Akamai Techs.*, No. 20-CV-3686, 2023 WL 7174616, at *3 (S.D.N.Y. Nov. 1, 2023), *report and recommendation adopted*, No. 20-CV-3686, 2024 WL 2046052 (S.D.N.Y. May 8, 2024) (same).

### III. DISCUSSION

#### A. Mr. Youkilis Is the Attorney of Record and Is Entitled to a Charging Lien

Mr. Youkilis is the attorney of record in this case and is entitled to the benefit of a charging lien. Here, not only does Mr. Youkilis (and his firm) appear on the Retainer Agreement (*see* ECF No. 103-6), but he appears consistently throughout the docket (and, in fact, was the only attorney of record for Plaintiff). *See, e.g.*, ECF No. 1 (Summons with Notice signed by Mr. Youkilis); ECF No. 31 (Mr. Youkilis appearing at the Initial Conference); ECF No. 56 (Mr. Youkilis appearing at the Settlement Conference). Additionally, a settlement was reached in the amount of $65,000 and was enforced pursuant to Judge Azrack's Order. *See* ECF No. 93.

Further, Mr. Youkilis's withdrawal from the case voluntarily due to a breakdown in the attorney-client relationship has no impact on his entitlement to a charging lien because Mr. Youkilis's withdrawal constitutes "good cause" *See Yu*, 2024 WL 1259427, at *3 (finding "unable to communicate" with the client is good cause and did not prevent the assertion of a charging lien); *Khudai*, 2023 WL 7174616, at *4 (finding irreconcilable differences between the attorney and the client as "good cause," not precluding the attorney enforcing a charging lien). Indeed, Mr. Smith admits as much in his letter opposing the charging lien, stating that "Mr. Youkilis was not fired and chose to withdraw on his own accord." ECF No. 109.[1]

Therefore, for the reasons stated above, the undersigned finds that Mr. Youkilis is entitled to a charging lien on the settlement proceeds. *See Villar*, 546 F. Supp. at 295 (finding that the firm that secured a settlement was entitled to a portion of the settlement amount).

### B.   Mr. Youkilis Is Entitled to One-Third of the Settlement Proceeds

Regarding the amount of the charging lien, the Retainer Agreement signed between Plaintiff and Mr. Youkilis is controlling. Here, the case settled for $65,000 at a settlement conference on November 28, 2022. *See* ECF No. 93 at 9. Mr. Youkilis participated in that settlement conference on behalf of Plaintiffs. *See* ECF No. 56. Mr. Youkilis was then permitted to withdraw as Plaintiffs' counsel on February 9, 2023. *See* February 9, 2023 Order. Thus, because Mr. Youkilis had substantially completed his services, the Retainer Agreement determines the amount of the charging lien. *See Villar*, 546 F. Supp. 3d at 295 (using the retainer

---

[1] Mr. Smith's letter contains allegations that Mr. Youkilis, after having been relieved of counsel, did not comply with the undersigned's orders and failed to provide Mr. Smith with certain documents in the case file. *See* ECF No. 109. The letter does not ask for any relief regarding these allegations and states no reason why Mr. Youkilis should not be entitled to a portion of the settlement proceeds. To the extent that there is a request for relief in Mr. Smith's letter, the Court recommends denying any and all requested relief with prejudice.

agreement to determine the amount of a charging lien where the firm withdrew after securing settlement).

Turning to the Retainer Agreement, Plaintiff agreed to pay Mr. Youkilis's firm legal fees amounting to "[t]hirty-three and one-third (33⅓) percent of the sum recovered, whether recovered by judgment, settlement or otherwise." *See* ECF No. 103-6 at 1. Mr. Youkilis's firm also agreed to pay and remain liable for all costs and expenses, regardless of the outcome, but stipulated that the percentage would be computed on the gross sum recovered before deducting expenses and disbursements. *See id.* at 2-3.

Thus, pursuant to the Retainer Agreement (and consistent with the amount Mr. Youkilis seeks), Mr. Youkilis is entitled to $21,666.67 (one-third of $65,000). Mr. Youkilis also requests $379.69 in costs. *See* ECF No. 103-5. However, per the Retainer Agreement, his firm remains liable for all costs and expenses, regardless of the outcome. *See* ECF No. 103-6 at 2. Thus, there is no support for Mr. Youkilis's request for $379.69 in costs.

Therefore, for the reasons stated above, the undersigned finds that Mr. Youkilis is entitled to one-third of the settlement ($21,666.67), but not for any costs ($379.69).

## III.   CONCLUSION

For the reasons stated above, the undersigned respectfully recommends that the Court grant Mr. Youkilis's Motion for Charging Lien and award him $21,666.67 to be paid directly by the Defendants. Mr. Youkilis shall serve this Report and Recommendation on Plaintiffs and file proof of service on ECF.

## IV.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed.

R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Azrack.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols.*, 743 F.App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F.App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

|  |  |
|---|---|
| Dated: Central Islip, New York<br>August 16, 2024 | **SO ORDERED:**<br><br>s/ Lee G. Dunst<br><br>**LEE G. DUNST**<br>United States Magistrate Judge |