UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DUANE SMITH, *as Administrator of the Estate of Barbara Shelton, deceased,* and DUANE SMITH

                     Plaintiffs,

        -against-

HOME DEPOT U.S.A., INC.

                     Defendant.
------------------------------------------------------------------------X
HOME DEPOT U.S.A., INC.

                     Third-Party Plaintiff,

        -against-

ROOF DIAGNOSTICS SOLAR & ELECTRIC LLC and
NRG HOME SERVICES, LLC.

                     Third-Party Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
20-CV-04125 (JMA) (LGD)

**FILED**
**CLERK**
10/22/2024 12:48 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

    Presently before the Court is the motion by pro se Plaintiffs' former attorney, Mr. Paul B. Youkilis, for attorney's fees and costs via a charging lien, and Magistrate Judge Lee G. Dunst's August 16, 2024, Report and Recommendation ("R&R") that the Court grant in part and deny in part Mr. Youkilis's motion.  (See Mot. Att'y's Fees Costs, ECF No. 103); Smith v. Home Depot U.S.A., Inc. (Smith II), No. 20-CV-4125, 2024 WL 3851926, at *1 (E.D.N.Y. Aug. 16, 2024).  For the reasons explained below, the Court ADOPTS the R&R and GRANTS IN PART and DENIES IN PART Mr. Youkilis's motion.

## I.   BACKGROUND

The Court presumes familiarity with the background of this case, which is described in both the R&R and the undersigned's March 19, 2024, Memorandum and Order that enforced the parties' settlement agreement ("Settlement Order").  See Smith II, 2024 WL 3851926, at *1-2; Smith v. Home Depot U.S.A., Inc. (Smith I), No. 20-CV-4125, 2024 WL 1174288, at *1-2 (E.D.N.Y. Mar. 19, 2024).

After enforcing Plaintiffs' agreement to "accept[] $65,000 to dismiss this case and release all claims Plaintiffs asserted or could have asserted in this action," the Court referred Mr. Youkilis's request for a charging lien to Judge Dunst for a report and recommendation.  Smith I, 2024 WL 1174288, at *5, *11.  Plaintiffs then appealed the Settlement Order.  (ECF No. 102.)  Judge Dunst later issued the R&R, which concluded that—consistent with the retainer agreement between Plaintiffs and Mr. Youkilis—the Court should grant Mr. Youkilis's request for attorney's fees in the amount of $21,666.67 (one third of the $65,000 settlement) and deny Mr. Youkilis's request for $379.69 in costs.  Smith II, 2024 WL 3851926, at *4.  Plaintiffs timely objected to the R&R.  (ECF No. 114.)  The Court received no other objections to the R&R and no response to Plaintiffs' objections to the R&R.

## II.   LEGAL STANDARDS

### A.   Reviewing the R&R

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3) (similar).  In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see FED. R. CIV. P. 72(b)(3)

(similar); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017).  By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).  Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed."  Cooper v. Harris, 581 U.S. 285, 309 (2017) (internal quotation marks omitted).  Additionally, "the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'"  Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186-87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)).

In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record."  Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).  Relatedly, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."  Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted); see Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).

B. **Plaintiffs' Pro Se Status**

Given their pro se status, the Court construes Plaintiffs' submissions liberally and interprets them "to raise the strongest arguments that they suggest."  McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (quoting Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)).  This policy is "driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect

3

pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Id. (quoting Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007)). This liberal interpretation of Plaintiffs' submissions, however, "does not exempt [Plaintiffs] from compliance with relevant rules of procedural and substantive law." E.g., United States v. Starling, 76 F.4th 92, 99 (2d Cir. 2023) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)); see Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (similar).

### III.  DISCUSSION

For the reasons stated below, the Court retains jurisdiction despite Plaintiffs' appeal of the Settlement Order and the Court adopts the R&R in its entirety.

### A.  **The Court Retains Jurisdiction**

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996) (quoting United States v. Salerno, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc., 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Litigants may appeal a "final decision[]" of the district court. 28 U.S.C. § 1291. Thus, the Second Circuit's "jurisdiction ordinarily 'depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the

4

judgment.'" In re Roman Cath. Diocese of Albany, N.Y., Inc., 745 F.3d 30, 35 (2d Cir. 2014) (per curiam) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978)).  The Settlement Order, however, was not a final decision.  It expressly left open whether to grant Mr. Youkilis a charging lien.  Smith I, 2024 WL 1174288, at *11; see O & G Indus., Inc. v. Nat'l R.R. Passenger Corp., 537 F.3d 153, 167 (2d Cir. 2008) ("A non-quantified award of attorneys' fees and costs is not appealable until the amount of the fees has been set by the district court.").

"To fall within the 'small class of decisions excepted from the final-judgment rule, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.'" Roman Cath. Diocese, 745 F.3d at 36 (quoting Coopers, 437 U.S. at 468) (brackets and ellipsis omitted).  The Settlement Order is not immediately appealable under that "collateral order" exception because the Settlement Order "would be reviewable upon entry of a final judgment."  Id. (quoting United States v. Punn, 737 F.3d 1, 5 (2d Cir. 2013)).

Litigants may otherwise appeal interlocutory orders that the Court certifies as appealable.  28 U.S.C. § 1292(a).  But Plaintiffs never received (nor even sought) that certification from the undersigned with respect to the Settlement Order.

That Plaintiffs appealed a nonfinal order that does not come within the collateral order doctrine and which was not certified for an interlocutory appeal renders Plaintiffs' appeal defective; this Court therefore retains jurisdiction.  See Berlin v. Renaissance Rental Partners, LLC, 723 F.3d 119, 128 (2d Cir. 2013) (holding that an appeal of a decision concluding attorney's fees would be awarded did not divest the court of jurisdiction to later calculate those fees and enter judgement); O & G Indus., Inc., 537 F.3d at 167 (same); see also Rodgers, 101 F.3d at 252

5

(deeming a notice of appeal from a nonfinal order to be a "premature" and a "nullity" before holding that the notice of appeal did not divest the district court of jurisdiction).

### B.  The Court Adopts the Recommendation to Award the Requested Attorney's Fees

In objecting to the R&R, Plaintiffs assert that "the court erred in granting the lien, because Mr. Youkilis was not discharged by the Plaintiff[s] and the attorney withdrew on his own accord." (ECF No. 114 at 2; see id. at 3 (similar).)  Mr. Youkilis withdrew due to a "permanent and irreparable breakdown in the attorney-client relationship" that developed after Plaintiffs refused to sign the written settlement agreement.  (ECF No. 60 at 2; see ECF No. 66 (granting withdrawal).)  "An attorney who himself terminates his representation of a client still is entitled to enforce his charging liens, so long as the attorney does not withdraw without 'good cause.'"  Joffe v. King & Spalding LLP, 337 F. Supp. 3d 366, 369 (S.D.N.Y. 2018), aff'd sub nom., Joffe v. Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., 827 F. App'x 35 (2d Cir. 2020); see Stair v. Calhoun, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010).  As the R&R accurately explained, "Mr. Youkilis's withdrawal from the case voluntarily due to a breakdown in the attorney-client relationship . . . constitutes 'good cause.'"  Smith II, 2024 WL 3851926, at *3 (citations omitted); see, e.g., Joffe, 337 F. Supp. 3d at 369 (holding plaintiff's counsel had good cause to withdraw and obtain a charging lien where he had irreconcilable "conflicts" with the plaintiff); Yu v. Kotobuki Rest., Inc., No. 17-CV-04202, 2024 WL 1259427, at *3 (E.D.N.Y. Mar. 25, 2024) (similar).

Plaintiffs' three other purported objections to the R&R (discussed below) raise new arguments for the first time.[1]  Parties "cannot be permitted to use litigation before a magistrate judge as something akin to spring training exhibition game, holding back [arguments] for use once

---

[1] Plaintiffs' arguments in opposition to Mr. Youkilis's motion asserted that Mr. Youkilis "chose to withdraw" (an argument addressed above) and that he delayed giving Plaintiffs the case file (an argument not raised in Plaintiffs' objections to the R&R).  (ECF No. 109 at 1-2.)

6

the regular season begins before the district judge." Hous. Works, Inc. v. Turner, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005). Thus, Plaintiffs cannot now rely on arguments that they could have raised to Judge Dunst but did not. See, e.g., Fossil Grp., Inc., 627 F. Supp. 3d at 190; Gladden, 394 F. Supp. 3d at 480; Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 51-52 (E.D.N.Y. 2015). Those arguments "may not be deemed objections at all." Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (internal quotation marks omitted).

Even if the Court were to consider them, the Court would reject Plaintiffs' new arguments that Mr. Youkilis's withdrawal was not for good cause. First, Plaintiffs argue that Mr. Youkilis failed to prove that Plaintiffs "caused" the "irreconcilable difference" for which Mr. Youkilis was permitted to withdraw. (ECF No. 114 at 3.) But "[t]he Court need not determine the 'source of the strain' on the relationship or assign blame" to find good cause for withdrawal; "the strained relationship alone is 'sufficient grounds' for withdrawal." Vick on behalf of Vinco Ventures, Inc. v. Hudson Bay Master Fund Ltd., No. 24-CV-00446, 2024 WL 967773, at *1 (S.D.N.Y. Mar. 4, 2024) (quoting Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc., 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005)). Second, Plaintiffs contend that Mr. Youkilis's motion to withdraw relied on "bare allegations" of and lacked "evidentiary support" for the breakdown in the attorney-client relationship. (ECF No. 114 at 4.) Not so. The motion explained how the attorney-client relationship broke down, and Mr. Youkilis twice explained those circumstances to Judge Dunst on the record during conferences Plaintiff Duane Smith attended. (See ECF Nos. 60, 64, 66.) Third, Plaintiffs insist that their "refusal to accept a settlement offer . . . does not constitute good cause for Mr. Youkilis to withdraw from representation."[2] (ECF No. 114 at 5.) But Mr. Youkilis sought

---

[2] Plaintiffs did, in fact, accept that settlement. See Smith I, 2024 WL 1174288, at *6.

to withdraw based on the breakdown of the attorney-client relationship. (See ECF No. 60 at 2-3.) That is a proper basis for withdrawing as counsel. See Jones v. Parmley, 714 F. App'x 42, 47 (2d Cir. 2017) (affirming withdrawal of counsel due to a breakdown in the attorney-client relationship that developed after plaintiffs refused to accept a settlement); DeBruhl v. Keyes, No. 23-CV-06324, 2024 WL 2832847, at *2-3 (E.D.N.Y. June 4, 2024) (granting a motion to withdraw due to the breakdown of the attorney-client relationship after a failure to consummate a settlement).

### C. The Court Adopts the Recommendation to Deny Costs

Neither Mr. Youkilis nor the parties objected to the R&R's conclusion that the Court should deny Mr. Youkilis's request for $379.69 in costs. See Smith II, 2024 WL 3851926, at *4. The Court has reviewed the record and that unopposed portion of R&R for clear error and finds none.

### IV. CONCLUSION

The Court adopts the R&R in its entirety. Accordingly, Mr. Youkilis is granted a $21,666.67 charging lien for the attorney's fees owed to him from the parties' settlement of this case. Defense counsel shall serve a copy of this Memorandum and Order upon Plaintiffs and file proof of service by **October 24, 2024**. The parties shall file by **November 6, 2024**, a proposed order governing payment of the $65,000 settlement that accounts for Mr. Youkilis's charging lien.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: October 22, 2024
      Central Islip, New York

                                        /s/ JMA
                                  JOAN M. AZRACK
                          UNITED STATES DISTRICT JUDGE